Turkey, J.,
delivered the opinion of the court.
In an action for malicious prosecution, to charge the jury, “you may give what is called vindictive damages, that is, such damages as will satisfy the highly excited feelings of the party injured,” is clearly error. While a jury may give vindictive damages, such damages are not to be measured by the “feelings” of the plaintiff as defined by the Circuit Judge, but are to be such damages as a reflecting and dispassionate jury investigating and weighing the charge out of which the civil suit grows, and its attending circumstances, may conclude are proper and right. If *183 tbe highly excited feelings of the injured party were to control, then it would be necessary for the jury to decide any question other than that the prosecution was malicious, without regardtto the magnitude of the crime or offence charged, as me punishment affixed by law to such crime or offence, and without regard to the amount or subject matter of the litigation or prosecution out of which the suit for damages arises, all these things are fit matters for the consideration of the jury and must enter into and control the process of its conclusions.
Under the rule laid down by the Circuit Court, the plaintiff may say that any given amount will satisfy him, and there is no mode by which a jury can avoid returning that amount as their verdict, and the province of the jury as conservators of law and administrators of right, is utterly overthrown and the prejudices and passions of the plaintiff substituted.
The jury without that regard to the highly excited feelings of the plaintiff imposed by the charge in this case, .must take the facts and surrounding circumstances as developed by the evidence, and from these alone determine whether the plaintiff is entitled to any, or how much, damages.
The oath of a grand juror that he will keep secret the State’s counsel, his fellows’, and his own, is intended to protect the grand jury from the interference of persons not of its body, persons who may, either for themselves or friends, be interested in the action of the jury in finding or ignoring bills before them, or that may come before them, and who, if it were *184 not prohibited, would bring to bear improper influences upon the minds or passions of the jury, thereby defeating the policy of the law and procuring the passage or defeat of presentments or indictments through hatred, malice,' ill will, fear, favor or affection.
No higher obligation can rest upon a citizen than that of a grand juror, and unless his deliberations and inquiries are protected from all influences, except those derived from legitimate sources of information, the institution becomes one of oppression and tyranny. Hence the earnest concern of the law to keep pure the action, thought, and conversation of grand jurors while acting as such.
Another reason for the obligation of secrecy, is, that a party against whom proceedings may be pending, may learn thereof, and by escaping, avoid the punishment due his crime.
"When these ends have been accomplished, the entire purpose of- secrecy is effected, and if at a subsequent period it shall become necessary to the attainment or justice and the vindication of truth and right in a judicial tribunal, that the conduct and testimony of prosecutors and witnesses shall be inquired into, there is no reason why it should not be done. It is contemplated at the preferment and fin.ding of an indictment or presentment, that the evidence upon which it is found will be relied on at the trial. This being so, if it shall also be that the mouth of the grand juror is forever closed, a door to undetected and un-whipt perjury may be opened, for it may be that a corrupt prosecutor or witness may find that although *185 a grand jury has found a true bill, still tbe testimony is either not sufficient when subjected to cross-examination, or that the defence will make proof destructive of that given to the jury, and knowing that the grand jury can not speak of or repeat his original testimony before it, therefore he can and often will concoct another story or adapt the original to a different time or place, or both, without danger of detection in his falsehood.
On the other hand and to prevent the punishment of the innocent, it has been a long established rule of practice in this State that a prosecutor or witness may be asked whether he made , certain statements before the grand jury, and that a grand juror may be called to contradict him; and if he may be called as to a material fact on the one side, for a like good reason- he may be called for a similar purpose on the other.
On objection made to the reading of a deposition for want of notice, the onus of proof of the notice is on the party insisting upon its existence.
Reverse the judgment.